## WHITE et al. *v.* CHANEY.

A Court of Probates has jurisdiction of an action to compel a tutor to account, instituted at any time before his discharge. The court will have jurisdiction, though it be alleged in the petition that the tutor, in collusion with the under-tutor, had been permitted to resign the tutorship without rendering any account.

WHITE
v.
CHANEY.

APPEAL from the Court of Probates of East Baton Rouge, *Tessier* J. The plaintiffs represent that, in the year 1831, the defendant was appointed their tutor by the Probate Court of East Baton Rouge : that he took charge of the estate inherited by them, amounting to about $4,000, which he administered, but has rendered no account thereof: That, on the 24th April, 1841, the defendant, in collusion, with one *White*, who had till that time acted as their under tutor, but who had then permanently removed with his property to the State of Mississippi, being only temporarily in this State, instituted certain summary proceedings in said court, whereby *Chaney* resigned his tutorship without rendering any account, and qualified as under-tutor, and said *White*, in his turn, resigned his trust as under-tutor, and was permitted to assume that of tutor: That the records of the court furnish no proof of *White's* having been permitted to take possession of their estate : That the defendant suffered him to leave the State, without taking any steps to cause him to render an account, as tutor : That the pretended judicial proceedings, on the 24th April, 1841, cannot prejudice their recourse against the defendant, as their tutor: That they should be declared null and void, and *Chaney*, as tutor, compelled to pay to them the whole amount of the estate, with the fruits and revenues thereof, and the interest for which he is legally liable. The petition concludes with a prayer that the defendant may be condemned to account, and pay over the balance due by him as tutor, with interest, &c.

The defendant excepted to the jurisdiction of the court, on the ground of his discharge from the tutorship by a judgment of the court rendered on the 24th April, 1841, averring that the court had no power to compel him to render any account of the tutorship. The record does not show that any evidence was offered on either side. The exception was sustained, and the petition dismissed. The plaintiffs appealed.

*Elam*, for the appellants. The exception does not allege that the plaintiffs were legally represented in the proceedings by which the defendant was discharged from his tutorship, hence the judgment was not binding on them. In the case of *Marchand et al.* v. *Gracie*, 2 La. 147, a similar question was presented, and the Supreme Court held that "an executor who presents his accounts and prays for a discharge, must cause the heirs to be cited. In the case before the court, the tutor was discharged without being required to account. The Code of Practice, art. 997, declares that, "the judges of the courts of probate who have appointed and confirmed tutors, alone have the power of compelling them to account, and pay over what they may be found to owe."

If the court decided correctly in the case of *Stafford et al.* v. *Villain et al.* 10 La. 319, that "tutors, under an order of the court of probates must, and without it may, exhibit an account of their administration, and the court may make certain orders thereon, but nothing authorises it to homologate such accounts, so as to render them conclusive and binding on the minor ; for the law gives the latter the right, until the expiration of a certain delay after he becomes of age, to examine and contest all the accounts of his tutor," certainly no *ex parte* judgment of the probate court could discharge the tutor from its jurisdiction.

*G. S. Lacey*, for the defendant. It is contended on the part of plaintiff : 1st, That the exception was not sustained by *proof;* and, 2d, that had it been *proven*, it ought not to have prevailed. The exception was proved, by the *admissions* in the petition "that *Chaney* had resigned the trust, and that *White* had been appointed tutor." The averment that this was done through fraud and collusion, does not deny *that the discharge was granted.* The exception or discharge was established by *the records of the court of probates*, of which the court was bound to take *judicial cognizance, being its own records and judgments*. The exception should have been sustained : 1st. Because the Probate Court was without authority to call upon defendant, *after he had been discharged from the tutorship*, to render an account. He had ceased to be an officer or

person, over whom its *limited jurisdiction* could extend. Art. 924 of the Code of Practice does not authorize a suit to be brought in the Probate Court, *after* the expiration of the administration of the curator, or *other* administrator. It only authorizes the court to *retain* its jurisdiction, in such suits as may be brought therein *during* the time of the administration. 2d. Because the Court of Probates had no authority to call for a rendition of accounts, *until its first judgment was set aside, either by an appeal, or by an action of nullity.* It has been decided by this court, in 1 Rob. p. 113, "that the court can in no case discharge the tutor, while the law makes him responsible to his pupil; and that he has after his majority, a certain delay to examine and contest the account." Yet if the court does, notwithstanding the law, enter a judgment of absolute discharge, it is not, *ipso facto*, null and void; and though *illegal*, it will be held to be good, until reversed, either on appeal, or by action of nullity. Fraud, collusion, or illegality, may be good grounds to *revoke or reverse* a judgment, but not to treat it as a *nullity.* 5 Mart. N. S. 165.   7 La. 223.   This was the course adopted, in the case referred to by the plaintiffs, in 10 La. 319.

The judgment of the court was pronounced by

EUSTIS, C. J. It is the opinion of this court that the Court of Probates had jurisdiction to determine and decide on the matters in issue between the plaintiffs and defendant, in their petition and answer set forth.

It is therefore ordered and decreed that the judgment appealed from be reversed, and that the case be remanded for further proceedings; the appellee paying the costs of this appeal.